**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO VELASQUEZ, | No. 17-17415 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-01288-AWI-JLT |
| v. | |
| ROSEMARY NDOH, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**] District Judge.

The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. Petitioner Ricardo Velasquez appeals the district court's denial of his petition for writ of habeas corpus. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

have jurisdiction pursuant to 28 U.S.C. § 2253, and, having reviewed the district court's decision de novo, we reverse the district court's denial of habeas relief and remand for an evidentiary hearing. *See Campbell v. Rice*, 408 F.3d 1166, 1169 (9th Cir. 2005) (en banc).

1.      We must defer to the state court's decision unless that decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011).

We will not defer to state court factual findings "where the fact-finding process itself is defective." *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999-1000 (9th Cir. 2014).[1] "We have held repeatedly that where a state court makes factual findings without an evidentiary hearing or other opportunity for the petitioner to present evidence, the fact-finding process itself is deficient, and not entitled to deference." *Hurles v. Ryan*, 752 F.3d 768, 790 (9th Cir. 2014) (internal quotation

---

[1] Contrary to Respondent's argument, *Brumfield v. Cain*, 576 U.S. 305 (2015), did not reject the approach set forth by this Court in *Taylor*. Indeed, the Supreme Court found the state court's factual determinations unreasonable under 28 U.S.C. § 2254(d)(2) precisely because the state court denied a petitioner's request for an evidentiary hearing. *Brumfield*, 567 U.S. at 314, 317, 320.

17-17415

marks omitted); *see also Taylor*, 366 F.3d at 1001 ("If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts."). Although in some cases the record may be sufficient to establish that a petitioner's claim has no merit, this is not such a case. *See Perez v. Rosario*, 459 F.3d 943, 950 (9th Cir. 2006). In light of the evidence that trial counsel failed to conduct an investigation of Adan Fernandez as the shooter, failed to conduct an independent analysis of eighteen fingerprints lifted from the Jeep, and failed to confirm whether the police completed any fingerprint tests, the state court's refusal to grant Petitioner an evidentiary hearing resulted in a decision based upon an unreasonable determination of the facts. We therefore evaluate Petitioner's claim de novo. *Hurles,* 752 F.3d at 778.

2.    Ineffective assistance of counsel requires reversal of a conviction where (1) counsel's performance fell below an objective standard of reasonableness and (2) that deficient performance prejudiced the defense, such that there is a "reasonable probability that . . . the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, Petitioner alleges that although he informed trial counsel that Fernandez was the shooter, trial counsel never investigated Fernandez because

Fernandez was dead by the time Petitioner went to trial. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91; *see also Rompilla v. Beard*, 545 U.S. 374, 383 (2005) ("[R]easonably diligent counsel may draw a line *when they have good reason to think* further investigation would be a waste.") (emphasis added). If, as Petitioner alleges, trial counsel decided not to investigate Fernandez's role in the shooting solely because Fernandez was dead, that decision was not objectively reasonable.

Petitioner has also alleged facts that suggest he was prejudiced by trial counsel's failure to investigate Fernandez. Three different declarants stated that Fernandez bragged, on multiple occasions, that he was the shooter and that he got away with it. Each of the declarants further stated that he would have testified at trial if asked to do so. Fernandez's statements likely would have been admitted as statements against interest. *See* Cal. Evid. Code § 1230. Had the jury heard evidence of Fernandez's repeated boasts, there is at least a reasonable probability that the jury would not have found that Petitioner was the shooter, and that the result of the proceeding would have been different.

17-17415

3.     Petitioner has also alleged facts that, if true, support his fingerprint-based ineffective assistance claim. Although trial counsel appears to have made pro-forma discovery requests for the results of any fingerprint analyses, Petitioner alleges that counsel did not make a serious attempt to obtain those test results, and made no effort to perform an independent analysis of several fingerprints obtained from the Jeep. "While an attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense, the reverse is also true: the obligation to investigate, recognized by *Strickland*, exists when there is no reason to believe doing so would be fruitless or harmful." *Browning v. Baker*, 875 F.3d 444, 473 (9th Cir. 2017) (internal alteration, citation, and quotation omitted). Here, at least insofar as alleged by Petitioner, there was no justification for counsel's alleged failure to pursue fingerprint evidence. If this allegation is true, then counsel's decision not to investigate was not objectively reasonable.

Petitioner also alleges facts that may, if true, establish prejudice. Although it remains unclear what, if anything, fingerprint analyses would reveal, Petitioner asserts that fingerprint testing could help establish that he was the driver and not the shooter. Petitioner's argument would be bolstered if, for example, prints on the steering wheel belonged to him, or prints on or near the sunroof belonged to someone else. A jury presented with such evidence could well have found that Petitioner was not the shooter.

4.     Petitioner acknowledges that, without the results of fingerprint testing, he cannot conclusively demonstrate that he was prejudiced by the lack of fingerprint evidence. With respect to counsel's alleged failure to investigate Fernandez as the shooter, we cannot conclude, on the record currently before us, that trial counsel, notwithstanding his statement to Petitioner, actually failed to investigate Fernandez, or that any such failure was actually motivated by the (insufficient) fact that Fernandez was deceased. Petitioner has, however, raised a colorable claim for relief with respect to both theories of ineffective assistance of counsel. The proper remedy, therefore, is a remand to the district court for an evidentiary hearing. Having determined that the state court's decision was based upon an unreasonable determination of the facts, we are not constrained by the record before the state court, and may consider evidence presented for the first time in federal court.[2]

*Hurles*, 752 F.3d at 778 (citing *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011)).

---

[2] Although 28 U.S.C. § 2254(e)(2) might bar an evidentiary hearing where a petitioner fails to develop the factual basis of his claim in state court, such is not the case here. "[F]ailure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.*; *see also Hurles*, 752 F.2d at 791 ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim.").

17-17415

Because Petitioner, through no fault of his own, has never been afforded an opportunity to develop the factual record, we must remand to the district court for an evidentiary hearing. *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) ("In other words, a hearing is required if: (1) the defendant has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts.") (internal quotation and alterations omitted) ; *see also Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001) ("In these circumstances, a petition may be dismissed without a hearing only when it consists solely of conclusory, unsworn statements unsupported by any proof or offer thereof."); *cf. Hurles*, 752 F.3d at 792 ("Because [the petitioner's] allegation . . . would, if proved, entitle him to federal habeas relief, the district court abused its discretion in denying this claim without an evidentiary hearing.").

Accordingly, we reverse the district court's denial of the habeas petition and remand for an evidentiary hearing, or other further factual development as the district court sees fit.

**REVERSED AND REMANDED**.

17-17415